**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAMS CASTRO-DONADO,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 18-70461<br><br>Agency No. A209-217-021<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2020**
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Williams Castro-Donado, a citizen of Venezuela and El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an Immigration Judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  The parties are familiar with the facts, so we do not repeat them here.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Asylum is granted when an applicant has a "well-founded fear of persecution on account of . . . membership in a particular social group."  8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A).  "Gang membership" and "resistance to gang membership" are not particular social groups for purposes of asylum.  *See Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009).

The gravamen of Castro-Donado's asylum claim for El Salvador stems from general gang violence.  While in El Salvador, Castro-Donado denied affiliating with gang members after he was approached, which led them to believe that he was a member of a rival gang.  Despite Castro-Donado's claim that this makes him part of a distinct social group in his society that "opposes gang violence," such a group is not cognizable because it lacks particularity and social distinction.  *See Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (holding that "young Honduran men who have been recruited by gangs but refuse to join do not constitute a particular social group.").  Castro-Donado has therefore failed to establish the requisite nexus to a protected social group necessary to claim asylum.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

We likewise affirm the BIA's denial of Castro-Donado's application for withholding of removal. Castro-Donado must show "a clear probability of persecution" on a statutorily protected ground. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 429–30 (1987). This is a more stringent standard than asylum. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996). Because Castro-Donado is not within a protected class under the asylum analysis, he does not qualify for withholding of removal.

Castro-Donado's CAT claim is meritorious only if he can show that the government, or a government representative, instigated, condoned, or acquiesced to his torture, and "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.18(a)(1), 8 C.F.R. § 1208.16(c)(2). Castro-Donado claims CAT protection because the Salvadorian government is "powerless to control the gangs." This alleged fact does not support a finding that the government acquiesced to gang violence against Castro-Donado. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("We have stated that a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

The IJ did not violate Castro-Donado's right to due process by declining to review Castro-Donado's petition related to Venezuela. "[T]o receive asylum, a person of dual nationality must demonstrate a well-founded fear of persecution in *both* countries; otherwise, eligibility for asylum cannot be demonstrated because

3

removal to the non-feared country is an available option." *Sung Kil Jang v. Lynch*, 812 F.3d 1187, 1192 (9th Cir. 2015) (emphasis in original). Castro-Donado is a dual citizen of El Salvador and Venezuela, and he applied for asylum to both. Because the IJ found no cognizable asylum claim for El Salvador, Castro-Donado's asylum claim for Venezuela was rendered moot.

The IJ also did not violate Castro-Donado's right to due process by designating Venezuela as the country for prospective removal, but subsequently ordering his removal to El Salvador. Factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005). During the oral hearing, the IJ's reference to a Venezuela designation was *prospective*, or in other words, not final. After the IJ concluded the hearing, he ordered removal to El Salvador based on factual findings. Given that Castro-Donado did not elect to designate a country, and in light of the deference given to the IJ's determinations, there was no fundamental unfairness that deprived Castro-Donado of due process.

**PETITION FOR REVIEW DENIED.**